UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JPMORGAN CHASE BANK, N.A.                CIVIL ACTION

VERSUS                                   NO: 10-1601

KELLY ET AL.                             SECTION: "J" (4)

**ORDER AND REASONS**

Before the Court is Defendant's Motion to Stay or alternatively to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (Rec. Doc. 13). Upon review of the record, the memoranda of parties, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's Motion (Rec.Doc. 13) is **GRANTED**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

Defendant John Kelly purchased a certain lot located in Jefferson Parish through a State of Louisiana tax sale on September 6, 2006. The sale was recorded on November 11, 2006. On February 2, 2010, Kelly filed a petition with the Twenty-Fourth JDC for the Parish of Jefferson to confirm the tax sale, naming as defendants Zions First National Bank as the original property

owner; Hickory, L.L.C., who acquired the property from Zions and did not pay the ad valorem taxes; and JPMorgan Chase Bank, N.A. ("JPM") as the mortgagee of the property at the time of tax sale.

A few months after Kelly filed his suit in state court, JPM requested this Court to issue declaratory judgment to annul the tax sale on the grounds that JPM as the mortgagee of the property received no notice of the tax sale (Rec. Doc. 1). The named defendants in the action are Kelly and Sheriff and Ex-Official Tax Collector for Jefferson Parish Newell Normand. JPM claims that the tax sale without proper notice violated its rights secured by the federal and state constitutions and other applicable law. Hence, JPM alleges that this Court's jurisdiction is based on a federal question pursuant to 28 U.S.C. § 1331. John Kelly filed the instant Rule 12(b) motion (Rec. Doc. 13).

**THE PARTIES ARGUMENTS:**

Defendant Kelly argues that JPM's claims should be litigated in state court. Kelly urges this Court to exercise its discretion in declining to entertain JPM's declaratory judgment action by applying a multi-factor test. The most significant factors mentioned by Kelly are as follows. Because Kelly already filed his action in state court, all the relevant matters will be fully litigated there. Kelly argues that JPM engaged in forum shopping

by bringing this declaratory judgment action. Defendant explains that the Louisiana appellate courts are split on whether a mortgagee is due notice of delinquent taxes and pendency of a tax sale, but that the controlling authority in this case is the decision by Louisiana's Fifth Circuit, holding that notice to mortgagee was not required and that even if it was required, a tax sale could not be set aside due to lack of notice to the mortgagee.[1] Additionally, Defendant Kelly argues that this action is governed by Louisiana law, with the state court being an appropriate forum for resolving this dispute. Further, judicial economy will be served by having one court adjudicate all claims.

Kelly also argues that because he is not a state actor, this Court lacks jurisdiction over this matter and it should be dismissed under Rule 12(b)(1). Kelly further contends that this action should be dismissed pursuant to Rule 12(b)(6) because JPM failed to state a claim upon which relief can be granted. JPM's complaint alleges a deprivation of its due process rights by persons acting under color of state law. However, Kelly reiterates that he was merely a private buyer and was not acting under color of state law.

---

[1] Conversely, JPM argues that federal courts interpret the law as to require notice to a mortgagee, which serves as the basis of Kelly's forum shopping argument.

In response, JPM asserts that it seeks more than mere declaratory relief; it requests affirmative and curative relief in the form of a judgment against the Sheriff, ordering annulment of a tax sale. According to JPM, judgment vacating and cancelling a legal document transferring title goes beyond what declaratory judgment is designed to do.

Even if Declaratory Judgment Act applies, JPM argues that this Court should use its discretion and grant the relief requested by JPM. JPM contends that federal question jurisdiction affords a plaintiff a sympathetic and knowledgeable forum for the vindication of plaintiff's federal rights and that requesting relief from this Court does not amount to forum shopping. Further, JPM argues that although Kelly is not a state actor, the sale during which he acquired the land was administered by a Sheriff acting under color of state law. The joint participation test requires merely that the private party aid the state official, which brings Kelly's action under color of state law.

**DISCUSSION:**

Plaintiff JPM, as the master of its complaint, requested that this Court issue declaratory judgment annulling the tax sale performed without proper notice to JPM. The Declaratory Judgment Act provides, in relevant part, that "[i]n a case of actual

controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has clarified that, because the Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant,'" the district court has "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995) (citation omitted). Even when a declaratory action is justiciable and within the Court's authority to decide, the Court must still determine whether to exercise its discretion to decide or dismiss the action. Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 387 (5th Cir.2003) (citing Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir.2000)).

In deciding whether or not to issue declaratory judgment, courts may not be acting "on the basis of whim or personal disinclination," but, rather, must inform their decision by considering seven nonexclusive factors. St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir.1994) (citation omitted).

These factors are:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, . . . 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and, . . . [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Id. (quoting Travelers Ins. Co. v. Louisiana Farm Bureau Federation, 996 F.2d 774, 778 (5th Cir.1993)).

"[A]bstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute."

Southwind Aviation, Inc. v. Bergen Aviation, Inc., 23 F.3d 948, 950 (5th Cir.1994) (citation omitted). Thus, this factor has been considered "of paramount concern." Am. Fid. Ins. Co. v. Acadian Geophysical Serv., Inc., No. 97-2915, 1997 WL 786233, *2 (E.D.La. Dec. 18, 1997). Kelly's action is currently pending before a Louisiana state court, which, as a court of general jurisdiction, is capable of adequately resolving JPM's state and federal law claims. This Court finds that retaining this lawsuit in federal court would not serve the purposes of judicial economy. Conversely, parallel proceedings in both state and federal courts would be cumulative and may yield inconsistent results.

Accordingly, **IT IS ORDERED** that Defendant's **Motion to Dismiss (Rec. Doc. 13)** is **GRANTED**.

New Orleans, Louisiana this 10th day of September, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE